UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:03-CR-231 |
| | § | |
| ADAM FLORES | § | |

**<u>ORDER</u>**

Adam Flores (Flores) filed a motion seeking credit for the time he spent in state custody before his federal supervised release was revoked. D.E. 57. For the reasons discussed herein, the Court denies the motion.

Flores was convicted of being a felon in possession of a firearm and sentenced to 63 months in the Bureau of Prisons (BOP) in January 2004, to be followed by 3 years of supervised release. D.E. 26. An arrest warrant was issued for Flores in April 2011 for violating the terms of his supervised release. D.E. 31. He was arrested and appointed counsel. D.E. 32. On final hearing, Flores' supervised release was revoked, and he was sentenced to six months in the BOP to be followed by 30 months of supervised release. D.E. 37.

Another warrant was issued for Flores in October 2013 based upon new violations of his supervised release. D.E. 39. He was arrested and was again appointed counsel. D.E. 41. A superseding petition was filed that added a law violation to the allegations against Flores, and his drug test was positive for cocaine and marijuana. D.E. 45. On final hearing, Flores' supervision was revoked, and he was sentenced to four months in

the BOP, inpatient drug treatment for 180 days, and an additional 22 months of supervised release. D.E. 46.

In October 2014, Flores was again arrested for violation of his supervised release. D.E. 52. A superseding petition was filed alleging that Flores committed the state law offense of theft in August 2014. He was convicted of the theft in state court and sentenced to 35 days in jail. His federal supervision was revoked for the fourth time, and he was sentenced to eight months in the BOP to be followed by 14 months of supervised release. D.E. 56. Flores now seeks credit against his federal sentence for the 35 days he served in the Nueces County Jail after he was arrested on state theft charges. D.E. 57.

A district court is not permitted in the first instance to grant credit for time served. *United States v. Wilson*, 503 U.S. 329, 334–37 (1992) (construing 18 U.S.C. § 3585(b)). The Attorney General is required to determine jail credit. *Id*. at 337. Because Flores seeks sentencing credit, the proper vehicle for raising such a challenge is a petition pursuant to 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (internal citations omitted); *United States v. Gabor*, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241). A challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is incarcerated. *See Pack*, 218 F.3d at 451. Additionally, the law requires that

a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of the computation of his sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992). Therefore, any § 2241 petition should be filed *after first exhausting the administrative remedies*.

For the foregoing reasons, Flores' motion (D.E. 57) is DENIED WITHOUT PREJUDICE. Although Flores' motion is denied, today's Order does not adjudicate the merits of his § 2241 complaints.

ORDERED this 17th day of December, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE